

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

October 10, 1961

Honorable Robert S. Calvert
Comptroller of Public Accounts
Capitol Station
Austin, Texas

Opinion No. WW-1160

Re: Exemption from inheritance
    tax of devise to Shriners
    Hospitals for Crippled
    Children under submitted
    facts.

Dear Mr. Calvert:

In connection with your request on the above-captioned matter, you have advised us of the following facts. L. Alberta Watkins and her husband, who predeceased her, had executed a joint and mutual will. Paragraphs 3 and 5 of this will read as follows:

> "3. In case of a common disaster of
> the undersigned testators causing the
> death of each of us, then, in that event,
> we jointly and severally devise and
> bequeath all of the property, whether
> real, personal or mixed of which we may
> die seized and possessed to Shriners
> Hospital for Crippled Children, a
> Corporation, for the use and benefit of
> the hospitals owned, operated, and main-
> tained by said Corporation.
>
> " . . .
>
> "5. In case either testator survives
> the other, but makes no other or later
> will, then in such event, the estate of
> such survivor shall pass under and accord-
> ing to the program of distribution set
> forth in numerical Paragraph Three above."

Article 14.06, Title 122A, 20-A, Tax.-Gen., Vernon's Annotated Texas Statutes, provides an exemption from inheritance taxes for transfers to charitable organizations if such charitable organizations are to use the gift within this State. Article 14.06 also contains the following further provisions for exemption which reads as follows:

> "Provided, further, that if the property
> so passing is to or for the use of a

religious, educational, or charitable
organization which conducts its operations
on a regional basis, one such region of
which includes the State of Texas, or any
part thereof, then a bequest, devise or
gift to be used within such region shall
be deemed to be used within this state.

"For purposes of this paragraph a region
shall comprise not more than five contiguous
states, either in whole or in part, one of
which is the State of Texas."

The Attorneys for Shriners Hospitals for Crippled Children
have supplied you with certain information which they deem
pertinent in the determination of the taxability of the devise
in question and which is offered in support of their position
that said devise is exempt from an inheritance tax. We quote
the following excerpt from the letter submitted to you in
connection with this matter.

"Shriners Hospitals for Crippled Children
is a wholly charitable corporation organized
pursuant to the laws of the State of Colorado.
This organization owns and operates hospitals
for crippled children located in different
parts of the country; one such hospital being
located in Shreveport, Louisiana, which
services the region of Texas, Arkansas,
Mississippi, and Alabama. In other words,
crippled children of parents financially
unable to supply needed orthopedic care,
hospitalization and surgical treatment from
the states mentioned are admitted for treat-
ment at our Shreveport, Louisiana, hospital
entirely without cost. Over the years since
our hospitals have been in existence, many
crippled children from the State of Texas
have been admitted for treatment at a cost
of many thousands of dollars which might
otherwise have been spent in treating such
children in public institutions within the
State of Texas.

"Shriners Hospitals for Crippled Children
have always been affiliated with the Imperial
Council of the Ancient Arabic Order of the
Nobles of the Mystic Shrine of North America,

a fraternal order. The charitable corpora-
tion was organized to operate the hospitals
which administer the charitable work of the
Shrine fraternal order. The Shrine is
operated under the so-called Lodge System
form of government, which means that Shrine
Temples are chartered by the parent body
and are located throughout the country.
Eleven such Shrine Temples are located in
the State of Texas, one such temple being
in Austin and another in Dallas, where the
Watkins estate is being administered. The
other temples are at Amarillo, El Paso,
Wichita Falls, Fort Worth, San Angelo, San
Antonio, Waco, Houston and Galveston. The
members of the Shrine fraternal order make
annual payments toward the operation and
maintenance of Shriners Hospitals for Crippled
Children and the various Shrine Temples are
responsible for locating and processing
crippled children who are eligible for admis-
sion to our hospitals. The Shrine Temples
also provide transportation for the children
to and from the hospitals and assist in many
other ways in furthering the charitable
endeavors of the organization.

"   . . .

"As indicated above, the funds to be received
by Shriners Hospitals for Crippled Children
from the estate of L. Alberta Watkins will be
used at the Shreveport, Louisiana unit of
Shriners Hospitals for Crippled Children for
the care and treatment of crippled children
from the State of Texas. An affidavit to such
effect over the signature of one of our cor-
porate officers was to have been attached to
the inheritance tax report. . ."

The submitted affidavit was signed by George M. Saunders,
Secretary of the Shriners Hospitals for Crippled Children.
The substance of the affidavit is that George M. Saunders is
the Secretary of the Shriners Hospitals for Crippled Children
and that, as such officer, he is authorized to make the state-
ments contained in the affidavit on behalf of the Shriners
Hospitals. These statements are to the effect that the
Shriners Hospitals for Crippled Children is a charitable

Colorado corporation owning and operating hospitals for
Crippled Children throughout the country and providing care
for children of parents financially unable to provide such
care. He states that the Hospitals are administered and
operated on a regional basis and that one such hospital unit
is located at Shreveport, Louisiana, and is known as the
Shreveport unit of Shriners Hospitals for Crippled Children.
He states that children from the State of Texas are treated
there and that it is hereby ". . .stipulated and agreed that
the funds and/or assets received by Shriners Hospitals for
Crippled Children from the estate of L. Alberta Watkins will
be expended exclusively for the care, surgery, hospitalization
and treatment of crippled children who are residents and
domiciliaries of the State of Texas at the Shreveport,
Louisiana, unit of said Shriners Hospitals for Crippled
Children wholly without charge;. . ."

Attached to the affidavit is a copy of a resolution
adopted by the Board of Directors of Shriners Hospitals for
Crippled Children at a regular meeting held in Miami, Florida,
on June 15, 1961. This resolution provides, in part, that,
among other officers, the Secretary is authorized, directed
and empowered in the name and in behalf of Shriners Hospitals
for Crippled Children, a Colorado corporation, to take certain
enumerated legal steps. Paragraph 3 of the resolution reads
as follows:

> "To make and execute all necessary contracts
> and documents affecting the property of
> Shriners Hospitals for Crippled Children,
> and other properties of the corporation;"

Paragraph 9 reads as follows:

> "To make and execute any and all papers
> and documents as may be necessary from
> time to time to comply with the laws of the
> state in which any of the properties of
> the corporation may be located for the pur-
> pose of protecting and safeguarding the same;"

Paragraph 10 reads as follows:

> "To make and execute such agreements,
> papers and documents as may be necessary
> from time to time to settle any controversies
> over the properties of the corporation, or
> such suits as may be pending affecting the
> properties of the corporation, and as may

be deemed necessary for the protection of
the properties of the corporation;"

The foregoing facts clearly satisfy the requirements of
the statute. The limitation as to the use and expenditure of
the devise is in no way inconsistent with the terms of the
will. The Secretary of Shriners Hospitals for Crippled Chil-
dren is plainly authorized to so bind the corporation. The
regional operation of the Shriners Hospitals for Crippled
Children within the states of Texas, Arkansas, Mississippi
and Alabama meets the statutory requirement that the region
shall comprise not more than five contiguous states, either
in whole or in part, one of which is the State of Texas.

In Attorney General's Opinion No. WW-1141, the following
statement appears in connection with the proper construction
of the statutory provision here under consideration:

> ". . .The Legislature did not see fit
> to provide any yardstick for measuring the
> amount of benefits which this State should
> receive from the charitable organization
> operating on a regional basis; yet it is
> evident that the Legislature did not intend
> to accord an exemption for all charitable
> bequests, devises or gifts since this regional
> exemption provision is limited to regions of
> not more than five contiguous states, either
> in whole or in part, one of which is the
> State of Texas. Therefore, necessarily the
> statute contemplates that this State receive
> some benefit before exemption will be allowed
> . . ."

The "benefits test" established by Opinion No. WW-1141
as determinative of exemption has been met in this case by
irrevocably committing the devise in question for the use
and benefit of the crippled children of this State. You are,
therefore, advised that the devise is exempt from an inheritance
tax.

## S U M M A R Y

A devise to Shriners Hospitals for
Crippled Children, a Colorado charitable
corporation, is exempt from an inheritance
tax under Article 14.06, 20-A, Tax.-Gen.,
V.A.T.S., by virtue of the corporation's

regional operation in the states of
Texas, Arkansas, Mississippi, and Alabama
and by its irrevocable commitment of the
devise for the use and benefit of the
crippled children of this State.

Very truly yours,

WILL WILSON
Attorney General of Texas

By/ Marietta McGregor Payne
Marietta McGregor Payne
Assistant

MMP:lmc

APPROVED:

OPINION COMMITTEE:
W. V. Geppert, Chairman

Henry Braswell
Tom Burrus
Linward Shivers

REVIEWED FOR THE ATTORNEY GENERAL
By:  Houghton Brownlee, Jr.